UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL CORKER,

    Plaintiff,

v.                                    Case No. 4:19-cv-354-AW/MJF

BARBARA J. HOBBS and CIRCUIT
COURT SECOND JUDICIAL CIRCUIT
LEON COUNTY,

    Defendants.
_____/

**ORDER and**
**REPORT AND RECOMMENDATION**

    Plaintiff Michael Corker, an inmate of the Leon County Detention Facility, has filed an amended civil rights complaint under 42 U.S.C. § 1983 (Doc. 4), and a motion to proceed *in forma pauperis* (Doc. 5). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. Upon review of Corker's amended complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Corker's abuse of the judicial process in failing to completely and honestly disclose his litigation history.[1]

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

I.  **Background**

Corker initiated this action on July 25, 2019, by filing a handwritten document titled "Pro Se Litigant in Actions Under 42 U.S.C. § 1983 Federal Habeas Corpus." (Doc. 1). Corker claimed that a state court judge violated his right to access the courts and to redress an injury or grievance by suspending Plaintiff's Habeas Corpus based on an outcome of mental health evaluation. (Doc. 1 at 4). As relief, Plaintiff sought a total of $4,250,000.00 in damages. (*Id.* at 5). Corker's amended complaint asserts the same claims and increases his demand for damages by several million dollars. (Doc. 4 at 7).

II. **Discussion**

   A.  **Screening for Maliciousness**

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (screening provision of *in forma pauperis* statute).

When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

B.  **Corker's Disclosures**

In his amended complaint, Corker provided answers to Section IV of this court's civil rights complaint form, which requires him to disclose his litigation history. (Doc. 4 at 3-4 in ECF).[2]

---

[2] Corker's original complaint, which was not on the court form, did not mention any other lawsuits he had filed. (Doc. 1).

On page three of the civil rights complaint form, Section IV(A), Previous Lawsuits, is the following question: "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?" (Doc. 4 at 3 in ECF). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), Corker marked "Yes", and disclosed his underlying criminal case, Leon County Circuit Court Case No. 97-CF-4740. (Doc. 4 at 3 in ECF).

On the same page of the civil rights complaint form, Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (Doc. 4 at 3 in ECF). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Corker marked "No", and disclosed no cases. (Doc. 4 at 3 in ECF).

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 4 at 4 in ECF). Where there are parenthetical areas to mark either a "Yes" or "No" answer to

Question (C), Corker marked "No," and disclosed no cases.

Also on page four of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (Doc. 4 at 4 in ECF). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), Corker marked "No", and disclosed no cases. (Doc. 4 at 4 in ECF).

At the end of the civil rights complaint form, Corker signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 4 at 8 in ECF). Thus, Corker has in effect stated that at the time he filed his amended complaint on August 22, 2019, he had not initiated any other action in federal court that (1) dealt with the same or similar facts/issues involved in this action, (2) related to the fact or manner of his incarceration, or (3) related to the conditions of his confinement.

### C. Corker's Omissions

The court takes judicial notice that at the time Corker filed his amended complaint in this case, he had initiated at least four other civil actions that he should have disclosed:

(1) *Corker v. State of Florida*, No. 4:19cv396/WS-MJF, a habeas corpus action Corker filed in this court on August 16, 2019, dealing with the same facts/issues involved in this action and challenging the fact or manner of his incarceration for violating his probation in Leon County Circuit Court Case No. 97-CF-4740).

(2) *Corker v. Judge Francis Allman*, No. 4:19-cv-363-MW-MJF, a civil rights action Corker filed in this court on July 30, 2019, relating to the fact or manner of his incarceration (a state court judge and two probation officers allegedly caused him to be unlawfully imprisoned on a probation violation charge in Leon County Circuit Court Case No. 97-CF-4740).

(3) *Corker v. Woodard*, No. 4:19cv359/MW-CAS, a civil rights action Corker filed in this court on July 30, 2019, complaining about the conditions of his confinement at the Leon County Detention Facility (the law librarian's alleged violation of Corker's right to access the courts by delaying his access to the law library for seven months).

(4) *Corker v. Dempsey*, No. 4:19cv385/MW-CAS, a civil action Corker filed in this court on August 8, 2019, relating to the fact or manner of his incarceration (the alleged violation of his constitutional rights by the state court judge, prosecutor, and appointed counsel in his VOP and underlying criminal proceedings in Leon County Circuit Court Case No. 97-CF-4740).

All of the foregoing cases may be identified, positively, as Corker's because they bear his Leon County Detention Facility inmate number 66640.

### D.  The Materiality of Corker's Omissions

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction

> with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests.

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Corker falsely responded to questions on the complaint form as detailed

above. Corker knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 4 at 3 in ECF).

### E. The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x at 936. The court should not allow Corker's false responses to go unpunished. If Corker suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Corker's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g., Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal of prisoner-plaintiff's case for abuse of the judicial process where the prisoner failed to disclose a federal lawsuit he filed after his original complaint but before his amended complaint); *Wynn v. Postal Svc.*, 735 F. App'x 704, 705, 2018 WL 4050732 (11th Cir. Aug. 24, 2018) (affirming dismissal of prisoner-plaintiff's case for abuse of the judicial process where the prisoner failed

to disclose a habeas corpus action); *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

### III. Conclusion

Plaintiff's motion to proceed *in forma pauperis* (Doc. 5) is **GRANTED** for the limited purpose of dismissing this action.

The undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case.

At Panama City, Florida, this 3rd day of September, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**